# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-130V

|  |  |
|---|---|
| BROOKE WOOD,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2024 |

*Nathan Joseph Marchese*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Madylan Louise Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 26, 2024, Brooke Wood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on October 24, 2022. Petition at 1 ¶¶ 5, 34-35. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 25, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 4, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $92,500.00 in pain and suffering, and $1,952.57 in past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $94,452.57 (representing $92,500.00 in pain and suffering, and $1,952.57 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BROOKE WOOD,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 24-130V<br>Chief Special Master Corcoran (SPU)<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**[1]

On January 26, 2024, Brooke Wood ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine on October 24, 2022. Petition at 1.

On September 25, 2024, respondent file his Vaccine Rule 4(c) report, concluding that petitioner suffered a SIRVA as defined by the Vaccine Injury Table, within the Table timeframe, and with no apparent alternative cause. ECF No. 21. The same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for her SIRVA. ECF No. 22.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

I. **Items of Compensation**

    A. <u>Pain and Suffering</u>

Based on the evidence of record, respondent proffers that petitioner should be awarded **$92,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$1,952.57**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following:[2] a lump sum payment of $94,452.57, in the form of a check payable to petitioner.

III. **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Brooke Wood:                      **$94,452.57**

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

s/*Madylan L. Yarc*
MADYLAN L. YARC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Madylan.L.Yarc@usdoj.gov
Tel.: (202) 742-6376

DATED:  November 4, 2024

3