# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0130V

| | |
|---|---|
| BROOKE WOOD,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 25, 2025 |

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodbridge, IL, for Petitioner.

*Madylan Louise Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 26, 2024, Brooke Wood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered a shoulder injury related to vaccine administration, a defined Table injury, after receiving an influenza vaccine on October 24, 2022. Petition, ECF No. 1. On November 5, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $72,721.64 (representing $70,733.10 in fees plus $1,988.54 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 14, 2024. ECF No. 32. Furthermore, Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 31.

Respondent reacted to the motion on November 26, 2024, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 33. Petitioner filed a reply request an award of fees and costs as indicated in the Motion. ECF No. 34.

A decision awarding fees and costs was issued on May 19, 2025. However, attorney Nathan Marchese, an associate of Shannon Law Group, raised a misunderstanding related to his initial bar admission date which placed him below his applicable experience range when determining his hourly rate in the Vaccine Program. As a result, the original decision awarding fees and costs (ECF No. 37), was withdrawn to reconsider attorney Marchese's hourly rates and overall legal experience.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

2

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

   a. *Attorney Hourly Rates*

The hourly rates requested for attorneys Jonathan Svitak, Rhonda Lorenz-Pignato, and their supporting paralegals through the end of 2024 are reasonable and consistent with our prior determinations, and shall therefore be adopted herein. Petitioner has also requested that I apply the hourly rate of $550.00 for 2023 time billed by attorney Joseph Shannon, and the hourly rate of $450.00 for time billed by attorney Nathan Marchese, in the 2023-24 timeframe. However, I find these proposed rates to be excessive and thus requiring further evaluation and adjustment.

It appears that attorney Joseph Shannon has yet to receive established hourly rates for years 2018 and 2020-24, with his last awarded rate being $400.00 for work performed in 2019. *See Schmidt v. Sec'y of Health and Human Services*, No. 17-0913V, Slip Op. 45 (Fed. Cl. Spec. Mstr. February 25, 2020). As such, I hereby establish attorney Shannon's hourly rates for said years.

Attorney Shannon was admitted to the Illinois Bar in 1991, and admitted to this Program in 2014, placing him in the OSM Fees Schedule ranges of attorneys with 20-30 years' experience for work performed in the 2018-21 period and the range of attorneys with 31+ years' experience for worked performed in the 2022-24 timeframe. Accordingly, and based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, I hereby find it reasonable to award attorney Shannon hourly rates as follows*:* $380.00 for 2018; $400.00 for 2019 (consistent with the aforementioned decision); $435.00 for 2020; $444.00 for 2021; $472.00 for 2022; $500.00 for 2023; and $531.00 for 2024. These rates take into account attorney Shannon's overall experience and years representing Petitioners in the Program, and places him in the appropriate experience ranges. Attorney Shannon only performed work in this case in year 2023.

3

**Thus, application of the foregoing reduces the amounts of fees to be awarded by $25.00.**[3]

Mr. Marchese was admitted to the California Bar in 2011, the Illinois Bar in 2013 and admitted to this Court in 2023 (ECF No. 32-3), placing him in the OSM Fees Schedule ranges of attorneys with 11 - 19 years of experience for work performed in the 2023-24 timeframe.[4] I incorporate by reference all of the explanatory notes contained in these rate schedules. Mr. Marchese also represents that his California license is no longer active as of 2016. *Id.* at 32-3.

Mr. Marchese's proposed rate of $450.00 falls within the Fees Schedule range applicable to his overall experience (albeit on the higher end of the range). But experience with Program cases is highly relevant to what hourly rates an attorney should receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Because Mr. Marchese was only *recently* admitted to this Court (in October 2023 – hence less than two years ago), it would be improper for him to receive an hourly rate on the higher end of the ranges, when those rates are established for comparably-experienced counsel who *also* have lengthy experience representing Petitioners in the Program. Accordingly, based on the factors relevant to determining proper hourly rates, I find it reasonable to award Mr. Marchese the lesser rate of $390.00 per hour for his time billed in 2023, and $410.00 per hour for time billed in 2024. These hourly rates take into account Mr. Marchese's limited Vaccine Act experience, and places him in the appropriate experience range based on the OSM Fees Schedules.[5] **Application of the foregoing reduces the amount of fees to be awarded herein by $5,998.00.**[6]

---

[3] This amount is calculated as follows: ($550.0 - $500.00 = $50.00 x 0.50 hours billed in 2023) = $25.00.

[4] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[5] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[6] This amount is calculated as follows: ($450.00 - $410.00 = $40.00 x 104.50 hours billed in 2024) + ($450.00 - $390.00 = $60.00 x 30.30 hours billed in 2023) = $5,998.00.

b. *Administrative and Secretarial Tasks*

The billing records reveal several entries billed on tasks considered administrative in nature, including filing documents, reviewing routine court orders, noting deadlines, processing records, and reviewing automated email notifications of electronic filings from the Court.[7] However, billing at *any professional rate* for such clerical and other administrative work is not permitted in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Attorneys may not separately charge for clerical or secretarial work because such work is reflective of office overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Kerridge* v. *Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $2,221.80.**

c. *Paralegal Duties Billed at Attorney Rates*

The billing records also reflect several instances in which tasks that are considered paralegal in nature were billed at attorney rates.[8] In the Vaccine Program, "tasks that can

---

[7] See administrative billing entries dated as follows: 10/26/23: "notify attorney via Slack of receipt of records from Twin Cities Orthopedics." 1/26/24: "filing petition, cover sheet, certificate of service through ECF." 1/29/24 (thirteen entries regarding reviewing routine court orders and notices of electronic filing); 2/2/24; 2/12/24 (two entries); 2/13/24 (six entries regarding reviewing routine court orders/notices of electronic filing); 2/26/24 (two entries); 5/23/24 (two entries); 5/24/24 (two entries); 5/29/24 (two entries); 8/20/24; 8/25/24; 9/3/24 (four entries); 9/23/24 (two entries); 9/25/24; 9/27/24; 10/28/24; 10/30/24 (two entries); 11/1/24; 11/5/24; 11/6/24 (three entries); 11/7/24; 11/9/24 (two entries); 11/11/24 (two entries); totaling $2,221.80 in fees claimed for non-compensable tasks. ECF No. 32-2.

[8] Examples of tasks considered paralegal in nature: 6/4/24 (two entries); 9/3/24: "draft notice of filing and prepare updated statement of completion," (two entries); 10/22/24: "placed medical record order…" (three entries); 11/5/24: "drafting email correspondence transmitting proposed joint notice of decision not to seek review and draft joint notice of decision not to seek review," (two entries); 11/7/24: "draft election to accept

5

be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed work, they must be charged at non-attorney rates. **Application of the foregoing reduces the amount of fees to be awarded by $426.00.**[9]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 32-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $64,069.44 (representing $62,080.90 in fees plus $1,988.54 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

judgment." 11/10/24 (seven entries regarding drafting/sending/following up on petitioner's statement of personal costs). ECF No. 32-2.

[9] This amount is calculated using attorney Marchese's newly awarded rate as follows: ($410.00 - $197.00 = $213.00 x 2.00 hours) = $426.00.

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.